# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

G&D FURNITURE HOLDINGS, INC.,

   Plaintiff,

v.

SUNTRUST BANK,

   Defendant.

Civil Action No. TDC-16-2020

## MEMORANDUM OPINION

Plaintiff G&D Furniture Holdings, Inc. ("G&D") filed this civil action against Defendant SunTrust Bank ("SunTrust"), seeking the return of funds that G&D alleges were wrongfully withdrawn from its account to satisfy a writ of garnishment against a third party. Now pending before the Court is SunTrust's second Motion to Dismiss, which seeks to dismiss Count II of the Second Amended Complaint. The Motion is fully briefed and ripe for disposition, and no hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons that follow, the Motion is GRANTED.

## BACKGROUND

G&D opened an account with SunTrust in March 2011. The Rules and Regulations governing the deposit account ("Rules and Regulations") explicitly provide that the opening of the account created a debtor-creditor relationship between the parties.

In March 2013, SunTrust was served with a writ of garnishment against Deutsch & Gilden Incorporated ("Deutsch"), another SunTrust accountholder. The writ of garnishment sought to attach $718,805.28 owed by Deutsch and held at SunTrust in order to satisfy a

judgment on behalf of PS Business Parks, L.P. The writ directed SunTrust to deposit with the Clerk of the Circuit Court for Fairfax County, Virginia "all accounts" owned by Deutsch, "including an account ending in 61663." Second Am. Compl. ("SAC") ¶ 5, ECF No. 54. In response to the writ of garnishment, SunTrust withdrew funds from an account owned by G&D that ended in 61663 and deposited them with the Clerk. SunTrust did not seek permission from G&D to transfer the funds and did not advise G&D of its actions. G&D learned of the withdrawal the following May when it received a monthly account statement showing a negative balance. In total, SunTrust removed $133,656.69 from G&D's account.

G&D, which owed no debts to PS Business Parks, successfully moved to quash the writ of garnishment, which had not named G&D or its assets. On October 30, 2014, the Circuit Court for Fairfax County ordered the Clerk to return G&D's funds to SunTrust. The funds were duly transferred to SunTrust. However, SunTrust replaced only $49,151.54 into G&D's account and failed to return $84,405 of the withdrawn funds.

G&D originally filed this lawsuit on April 26, 2016 in the Circuit Court for Prince George's County, Maryland. After SunTrust removed the action to this Court, G&D filed an Amended Complaint alleging breach of contract based on the Rules and Regulations (Count I), breach of contract based on the debtor-creditor relationship between a bank and its depositor (Count II), a violation of public banking laws and regulations (Count III), breach of a bailment relationship (Count IV), breach of fiduciary duty (Count V), and conversion (Count VI). After SunTrust filed a Motion to Dismiss, G&D agreed voluntarily to dismiss the claim that SunTrust had violated public banking laws (Count III) and the claim for breach of fiduciary duty (Count V). On December 22, 2016, the Court granted SunTrust's Motion to Dismiss in part, dismissing Count IV (bailment) with prejudice and Count I (breach of contract based on the Rules and

Regulations) and Count VI (conversion) without prejudice. The Court denied the Motion as to Count II (breach of contract based on the debtor-creditor relationship).

On January 5, 2017, SunTrust filed a Notice of Intent to File a Motion for Reconsideration pursuant to the Court's Case Management Order, asking the Court to revisit its ruling as to Count II. Ultimately, the Court entered an Order directing G&D to file a revised Second Amended Complaint including three counts: (1) breach of express contract based on the debtor-creditor relationship provision in the Rules and Regulations and any other specified relevant provision; (2) breach of implied contract; and (3) conversion. ECF No. 52. G&D filed its Second Amended Complaint on January 25, 2017.

## DISCUSSION

In its Motion, SunTrust asserts that Count II, which alleges breach of implied contractual duties between G&D and SunTrust, fails to state a claim because G&D's relationship with SunTrust is governed by an express contract that supersedes any implied duties. G&D contends that all contracts between a bank and its customer contain implied provisions, and that those provisions form the basis for a separate cause of action.

**I.     Legal Standard**

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Courts are permitted to consider a document attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotation marks omitted). Although the Rules and Regulations were not attached to the Second Amended Complaint, counsel for G&D has assented to the Court's consideration of the copy of the Rules and Regulations provided by SunTrust as an integral document. Accordingly, the Court considers the Rules and Regulations.

## II. Breach of Contract

The relationship between a bank and its customer is contractual. *Lema v. Bank of America, N.A.*, 826 A.2d 504, 511 (Md. 2003). SunTrust does not challenge Count I, which alleges that SunTrust breached the Rules and Regulations by refusing to act in accordance with the debtor-creditor relationship referenced in that document and by failing to handle G&D's funds with ordinary care. Count II, in contrast, alleges that Maryland common law "implies a debtor creditor relationship between the depository bank (SunTrust) and the depositor (G&D)," and that when G&D opened its SunTrust account, SunTrust "impliedly agreed" to handle the account in good faith, deal fairly with the deposited funds, act honestly in handling the account, and handle the account for G&D's benefit. SAC ¶ 19. G&D asserts that SunTrust violated these implied duties by withdrawing funds from G&D's account in response to the writ of garnishment against Deutsch then failing to return all of those funds. SunTrust argues that Count II fails to

4

state a claim because the existence of an express contract such as the Rules and Regulations precludes a claim for breach of an implied contract.

Maryland law has long recognized that there is a "contract that is implied in a banking relationship" that can be breached by "a wrongful disbursement of funds belonging to a depositor." *Taylor v. Equitable Trust Co.*, 304 A.2d 838, 842 (Md. 1973); *see also Bank of So. Md. v. Robertson's Crab House, Inc.*, 389 A.2d 388, 391-95 (Md. Ct. Spec. App. 1978). This contract "implied in banking relations" includes an "obligation to pay the funds only as authorized." *Univ. Nat'l Bank v. Wolfe*, 369 A.2d 570, 571, 575 (Md. 1977); *Dunlop Sand & Gravel Corp. v. Hospelhorn*, 191 A. 701, 706 (Md. 1937) (stating that a "general deposit of money in a commercial bank" creates a "relation of debtor and creditor, the depositor having in addition to his rights as creditor certain contract rights against the bank"). The Maryland Court of Appeals has stated that a "depositor may sue in an action for breach of contract to enforce the bank's contractual obligation to use ordinary care" in disbursing the depositor's funds. *Gillen v. Md. Nat. Bank*, 333 A.2d 329, 333 (Md. 1975); *accord Schultz v. Bank of America, N.A.*, 990 A.2d 1078, 1092 (Md. 2010) (stating that "bank customers may enforce the duty of ordinary care . . . through an action for breach of contract").

SunTrust relies on the general rule under Maryland law "that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *Cty. Comm'rs of Caroline Cty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000) (quoting *Mass Transit Admin. v. Granit Constr. Co.*, 471 A.2d 1121, 1126 (Md. Ct. Spec. App. 1984)); *see Ver Brycke v. Ver Brycke*, 843 A.2d 758, 772 n.9 (Md. 2004); *see also FLD, Inc. v. World Publications, Inc.* 999 F. Supp. 640, 643-44 (D. Md. 1998) (holding that an unjust enrichment claim is not viable when there is an express contract

between the parties). Exceptions to this rule include "when the express contract does not fully address a subject matter." *County Comm'rs*, 747 A.2d at 607. SunTrust thus invites the Court to conclude that under this line of quasi-contract cases, an implied contract claim may not proceed whenever a bank establishes a contractual relationship with its customer through a signature card and a standard set of Rules and Regulations governing the banking relationship.

This line of cases, however, addressed general quasi-contract claims of promissory estoppel, unjust enrichment, or quantum meruit and did not address whether the traditional implied contract in a banking relationship is superseded by a contract in the form of a bank signature card and Rules and Regulations document. *See, e.g., Ver Brycke*, 843 A.2d at 772 n.9; *County Comm'rs*, 747 A.2d at 610. Notably, the Maryland Court of Appeals has recently distinguished the implied contract in a banking relationship, which is an implied-in-fact contract derived from "the facts surrounding the relationship between the customer and the bank," from quasi-contracts, sometimes referred to as implied-in-law contracts, which derive from "obligations created by law for reasons of justice." *Schultz*, 990 A.2d at 1092 n.20. "None of our cases have suggested that the implied contract between a bank and its customers is based on a quasi-contract theory." *Id.* Thus, the rule established by *County Commissioners*, that quasi-contract claims are unavailable when an actual contract claim exists, appears not to apply to the implied contract in the banking context.

The Maryland Court of Appeals explained the interplay of express contract claims pursuant to a bank's Rules and Regulations and implied contract claims inherent in the banking relationship in *Gillen v. Maryland Nat'l Bank*, 333 A.2d 329 (Md. 1975). In *Gillen*, the court stated that "[t]he relationship between a savings bank and a depositor is a contractual one, of which the rules and regulations of the passbook are *a part*. Implicit in the contract is the duty of

the bank to use ordinary care in disbursing the depositor's funds." *Id.* at 333 (internal citations omitted) (emphasis added); *see also Hileman v. Hulver*, 221 A.2d 693, 696 (Md. 1966) ("A savings bank deposit generally creates the relationship of debtor and creditor between a bank and its depositor. The by-laws printed in the pass book . . . become part of a contract between them."). Thus, in this instance, there is a single contract between SunTrust and G&D, consisting of the underlying implied contract and the written Rules and Regulations, which may modify, but do not completely supersede, the implied contract between a bank and its customer. *See Gillen*, 333 A.2d at 333; *see also Univ. Nat'l Bank*, 369 A.2d at 575 (stating that a bank's obligation to its depositor "was not only that implied in banking relationships . . . but also that evidenced by" the contract between the parties).

Because SunTrust is correct that, under Maryland law, there is only a single contract between G&D and SunTrust, the Court will grant the motion to dismiss Count II as duplicative of Count I. But SunTrust is incorrect to the extent that it argues that the Rules and Regulations represent the entirety of the contract and supersede all implied contractual duties inherent in the banking relationship. *See Gillen*, 333 A.3d at 333. Such duties continue to be part of the contract unless modified by the Rules and Regulations in a manner consistent with Maryland law. *See Schultz*, 990 A.3d at 1092 ("The contract between a bank and its customers is derived by implication from the banking relationship, unless the parties modify that relationship."). Pursuant to Maryland statutory and case law, any modifications resulting from the Rules and Regulations may not eliminate the bank's implied contractual duty to act in good faith and to use ordinary care. *See* Md. Code Ann., Com. Law § 4-103 (West 2013) (stating that "the parties to [an] agreement cannot disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care or limit the measures of damages for the lack or failure"); *Schultz*, 990

A.2d at 1092 ("The Commercial Code and our cases establish that the parties to a banking contract may, to some extent, determine the standards by which the duty of ordinary care will be measured, but neither party can disclaim this duty."); *Gillen*, 333 A.2d at 333 (stating that the "duty of the bank to use ordinary care in disbursing the depositor's funds" may not be "abrogated by agreement" (citing Md. Code Ann., Com. Law § 4-103)); *Bank of So. Md.*, 389 A.2d at 392-93 n.5 (stating that section 4-103 "prevent[s] a bank from contracting away its obligation to use ordinary care in the handling of depositors' funds"). Here, the Rules and Regulations document does not seek to eliminate the implied contractual duty of ordinary care, because it expressly states that a debtor-creditor relationship governs the duties and obligations of the parties, and that relationship is defined in part by the existence of a duty of ordinary care. *See, e.g., Gillen*, 333 A.2d at 333; *Bank of So. Md.*, 389 A.2d at 391-92. Thus, whether under the express terms of the Rules and Regulations or under the implied contractual obligations between the bank and its customer, the contract between SunTrust and G&D includes a duty of ordinary care.

Because the remaining breach of contract claim in Count I, as amended at the suggestion of the Court, is currently focused on only the Rules and Regulations aspect of the contract, the Court will grant G&D leave to amend Count I to be entitled "Breach of Contract" generally and to include paragraphs 12-16 of the Second Amended Complaint so as to incorporate the implied provisions of the contract between SunTrust and G&D.

### III. Additional Claims

G&D's other arguments to preclude dismissal of Count II are unavailing. Although G&D references the implied covenant of good faith and fair dealing, Maryland law provides that implied covenants associated with a contract are merely derivative claims that should be raised in a breach of contract claim. *See, e.g., Blondell v. Littlepage*, 991 A.2d 80, 90 (Md. 2010) ("While

8

it is true that a contract in Maryland gives rise to an implied duty of good faith and fair dealing . . . that duty concerns the performance and enforcement of the contract itself." (quoting 2 Corbin on Contracts, § 5.27 at 139 (rev. ed. 1995)); *Magnetti v. Univ of Md.*, 909 A.2d 1101, 1105 n.3 (Md. Ct. Spec. App. 2006) ("Maryland does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing; the allegations making up such a claim should be pursued under a plaintiff's breach of contract claim."). Such covenants do not provide a basis for a second breach of contract claim.

Although section 4-103 of the Maryland Commercial Law Article, cited by G&D in its Opposition to the Motion and discussed above, could impact the interpretation of the contract at issue in Count I, nowhere does the Second Amended Complaint reference that statute as the basis for a freestanding claim, and G&D may not amend its pleadings through its brief in opposition to a motion to dismiss. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that the plaintiff is "bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Accordingly, these arguments provide no basis to preclude dismissal of Count II.

## CONCLUSION

For the foregoing reasons, SunTrust's Motion to Dismiss is GRANTED. Count II (breach of implied duties in a contract) is DISMISSED WITH PREJUDICE. The Court will grant G&D leave to amend Count I to be entitled "Breach of Contract" and to include paragraphs 12-16 of the Second Amended Complaint. The Third Amended Complaint may also include G&D's conversion claim, which SunTrust has not challenged. No further amendments will be permitted. With such amendments, the Court will consider this Third Amended Complaint to state a plausible claim for relief and will direct SunTrust to file an Answer.

Date: July 11, 2017

THEODORE D. CHUANG
United States District Judge